# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **GEORGE W. KIRTLAND,** | : | |
| | : | **CASE NO. 1:07CV0084** |
| | : | |
| Plaintiff, | : | **JUDGE O'MALLEY** |
| | : | |
| v. | : | **ORDER** |
| | : | |
| **U.S. BANCORP,** | : | |
| | : | |
| Defendant. | : | |

Before the Court are defendant U.S. Bancorp's and plaintiff George W. Kirtland's ("Kirtland") cross-motions for summary judgment. (See Docs. 27 & 35.) The parties have filed their respective opposition and reply briefs, and the matter is ripe for the Court's adjudication. For the reasons explained below, Kirtland's *Motion for Summary Judgment on Counts I and II of the Complaint* (Doc. 28) is **DENIED.**  U.S. Bancorp's *Motion for Summary Judgment* (Doc. 35) is **GRANTED in part**.  This matter is **DISMISSED**.

**I.    BACKGROUND.**

According to the complaint, in early 2004, U.S. Bancorp offered Kirtland an executive level position within the bank.  Kirtland alleges that he would not accept the position unless the bank provided him with a severance package.  Kirtland claims that, in response to putting the bank on notice of this fact, he received an email from someone in the human resources department, the undisputed contents of which are as follows: "As for severance, you would be entitled to a minimum of 26 weeks, and up to a 26 week bridge in the event other employment is not secured. Your severance package would include your base pay plus a 3-year average bonus."  According to

Kirtland, he relied on that email when accepting employment with the bank. Kirkland was terminated by the bank on September 1, 2006. Kirkland claims he never received any severance.

Kirkland filed his complaint against U.S. Bancorp on January 11, 2007. In his complaint, he alleges four causes of action: (1) breach of contract; (2) promissory estoppel; (3) negligent misrepresentation; and (4) fraudulent misrepresentation. Kirkland has not sued any other entity.

## II. DISCUSSION.

As noted above, this order arises on the parties' cross-motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Though the parties have devoted considerable efforts to multiple issues, as explained below, the Court finds that the matter is resolved by the Court's determination that Kirkland was never employed by U.S. Bancorp, never entered into an employment contract with that entity, and never received any pre-employment communications with respect to severance from anyone employed by U.S. Bancorp. Because U.S. Bancorp "is the only defendant named by Kirkland in this case" (See Plaintiff's Reply, Doc. 43 at 13), these conclusions require dismissal.

### A. Legal Standard.

Federal Rule of Civil Procedure 56(c), which governs summary judgment motions, reads:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . . .

Fed. R. Civ. P. 56(c). Rule 56(e) specifies the following materials properly submitted in connection with a motion for summary judgment:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein . . . . The court may permit affidavits to be

2

> supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). The party seeking summary judgment on an issue, however, is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

To prevail on a motion for summary judgment, the moving party bears the burden of showing the absence of any genuine issues of material fact. Plant v. Morton Int'l, Inc., 212 F.3d 929, 934 (6th Cir. 2000). If the movant has satisfied its burden, the nonmoving party must "come forward with evidence showing that there is a genuine issue for trial." Id. The nonmovant must, however, "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Instead, the trial court must, "assess the proof to determine whether there is a genuine need for trial." Weigel v. Baptist Hosp. of E. Tenn., 302 F.3d 367, 375 (6th Cir. 2002). In its assessment of the proof, "[t]he proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the [non-movant]." Id.

**B. U.S. Bancorp Was Not Kirkland's Employer.**

U.S. Bancorp is the only defendant in this action. Though U.S. Bancorp concedes that it is a diverse defendant, U.S. Bancorp has contended from the outset that it was not Kirkland's

3

employer. (See, e.g., Ans. of U.S. Bancorp (Doc. 4) ¶ 2; U.S. Bancorp's *Motion for Summary Judgment* (Doc. 27) at v, 1). Rather, U.S. Bancorp claims that it is a holding company which wholly owns USB Holdings, Incorporated, which, in turn, wholly owns U.S. Bank National Association ("U.S. Bank"). U.S. Bancorp argues that U.S. Bank, its subsidiary, was Kirkland's employer. It is undisputed that U.S. Bank is a national banking association, chartered by the Office of the Comptroller of the Currency, and is an Ohio citizen. As such, if the Court finds (as it does) that Kirkland's former employer was U.S. Bank, the parties agree that diversity would be destroyed.

U.S. Bancorp contends that jurisdiction is still proper even if it is ultimately determined that U.S. Bank is Kirkland's employer, however, not because the parties are diverse, but because any claims Kirtland has against any entity are preempted by ERISA. Thus, U.S. Bancorp asks this Court to retain jurisdiction over this matter and dismiss it on ERISA preemption grounds. While U.S. Bancorp may be correct in its ERISA-related arguments, this Court declines to reach that issue. Because there are no cognizable claims asserted against the only defendant in this action, the matter must be dismissed on that ground. [1]

Though the parties vigorously contest which entity actually employed Kirkland, virtually all the facts the Court requires to decide that question are undisputed. The Court considers the following relevant facts:

- Kirkland completed an application for employment which referenced U.S. Bank more than two dozen times, contains the statement, "[i]n conjunction with my application for employment and any resulting employment with U.S. Bank . . . ," and contained no reference to U.S. Bancorp;

---

[1] If Kirkland were to assert his common law claims against U.S. Bank, that entity can defend against those claims on ERISA grounds. U.S. Bancorp may not seek an advisory opinion on that issue on behalf of its subsidiary, however, and this Court will not provide one.

- On or about February 5, 2004, Kirkland received a written offer of employment via mail (the "Offer Letter");

- The Offer Letter was written on U. S. Bank letterhead[2] and, in pertinent part, states: "[o]n behalf of U.S. Bank, I am pleased to extend our offer of employment;"

- The Offer Letter refers to U.S. Bank ten times. It does not mention U.S. Bancorp;

- The Offer Letter was sent in a U.S. Bancorp envelope with a U.S. Bancorp return address in Minnesota;

- Prior to accepting the offer of employment, in response to an inquiry to his prospective boss, Joe Hoesley, Kirkland received an email from Jolyn Anderson stating, "As for severance, you would be entitled to a minimum of 26 weeks, and up to a 26 week bridge in the event other employment is not secured. Your severance package would include your base pay plus a 3-year average bonus;"

- Joe Hoesley was an employee of U.S. Bank and was Kirkland's direct supervisor throughout his employment;[3]

- Jolyn Anderson was an employee of U.S. Bank, working in the Human Resources department;

- Jolyn Anderson's email address was jolyn.anderson@usbank.com;

---

[2] In an argument he relegates to a footnote, Kirtland claims that documents containing the U.S. Bank trademark somehow demonstrate that U.S. Bancorp was his employer, because the entity that controls the U.S. Bank trademark is U.S. Bancorp Licensing, Incorporated. Kirtland cites no authority for the proposition that trademark ownership and employer-employee status are governed by the same principles, however. The Court is not persuaded that this point is controlling of, or even particularly meaningful to, its analysis of Kirtland's employment status.

[3] While Kirkland correctly points out that Joe Hoesley is also Vice Chairman of U.S. Bancorp, it is undisputed that U.S. Bancorp has no employees and that Hoesley's management responsibilities were all undertaken in his capacity as an executive of U.S. Bank.

5

- In connection with his employment, Kirkland was provided with and completed an IRS Form 8850 (Pre-Screening Notice and Certification Request for the Work Opportunity and Welfare to Work Credits) listing the employer's name as U.S. Bancorp;

- On February 23, 2004, Kirkland executed a Confidentiality and Non-Solicitation Agreement which states that it was executed in consideration of his employment by and receipt of compensation from U.S. Bank. The agreement references U.S. Bank dozens of times, but does not mention U.S. Bancorp, and contains numerous commitments by Kirkland regarding his receipt of confidential U.S. Bank information and access to U.S. Bank customers. The executed document was forwarded to the U.S. Bank Human Resources department;

- On March 8, 2004, Kirkland executed a Code of Ethics & Business Conduct statement that refers to U.S. Bank multiple times. The document does not refer to U.S. Bancorp;

- At about that same time, Kirkland received a lengthy document entitled: "U.S. Bank Policies and Programs, Employee Handbook." The document refers to U.S. Bank dozens of times; it does not refer to U.S. Bancorp;

- On April 20, 2006 Kirkland signed a document entitled "U.S. Bank Performance Appraisal." The document does not refer to U.S. Bancorp. The management employee performing Kirkland's appraisal was Joe Hoesley of U.S. Bank;

- Kirkland's email address was kirt.kirtland@usbank.com;

- Kirkland used the following signature block in closing his emails:

> George W. (Kirt) Kirkland, Jr.
> Regional Manager, Mid-East Region
> Commercial Real Estate Group
> US Bank

- In a November 9, 2006 email to Jolyn Anderson, Kirkland wrote: "[t]he agreement of severance on which I relied <u>in accepting employment with U.S. Bank</u> makes no reference to any severance program"(emphasis added);
- During the course of his employment, Kirkland received direct-deposit pay stubs from U.S. Bank on a semi-monthly basis. The documents refer to U.S. Bank as the "company;" they do not refer to U.S. Bancorp;[4] and
- As an employee of U.S. Bank, Kirkland was entitled to benefits under an ERISA plan bearing the title "U.S. Bancorp Comprehensive Welfare Benefit Plan."

"Summary judgment has a legitimate and valuable place in the procedural framework of the district courts, as it eliminates the necessity to devote valuable resources to the resolution of cases on which there are no fact issues meriting trial." <u>Bonds v. Cox</u>, 20 F.3d 697, 703 (6th Cir. 1994). Though the standard of review offers wide latitude to the non-moving party, "the non-moving party must present significant probative evidence to show that there is [more than] some metaphysical doubt as to the material facts." <u>Erwin v. Potter</u>, 79 Fed.Appx. 893, 896 (6th Cir. 2003) (internal citations and quotations omitted). "The existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." <u>Id.</u> As the facts recounted above make clear, Kirkland has not raised the issue of his true employer above the realm of metaphysical doubt.

Upon review of the parties' submissions, the Court finds that every *significant* fact offered by the parties leads to the conclusion that Kirkland was an employee of U.S. Bank. Kirkland applied

---

[4] While neither party submits tax documents (W-2's, Kirtland's tax returns, etc.) in support of its position, the Court assumes the documents reflect the same payor – payee information reflected on Kirtland's pay stubs.

for a position with U.S. Bank. Kirkland received an employment offer from U.S. Bank. When Kirkland had questions about his remuneration, they were addressed to and answered by employees of U.S. Bank (Joe Hoesley and Jolyn Anderson). Kirkland executed a Confidentiality and Non-Solicitation Agreement in consideration for his employment by, and receipt of payment from, U.S. Bank. Kirkland was governed by U.S. Bank's employee handbook, and evaluated as a U.S. Bank employee, by U.S. Bank personnel. While working at U.S. Bank, Kirkland held himself out as a Regional Manager of U.S. Bank, and used corresponding addresses for communicating with third parties. During his entire tenure, Kirkland was paid by U.S. Bank. Even after he was terminated, Kirkland contacted U.S. Bank's human resources department and acknowledged that he had, "accept[ed] employment with US Bank."

In the face of all of this evidence, Kirkland clings to the fact that his U.S. Bank offer letter came in an envelope bearing a U.S. Bancorp logo in the area where a return address is typically located. Kirkland also alleges that the fact that he filled out an IRS form, *admittedly inapplicable to him*, also supports his claim because it identifies U.S. Bancorp. And, Kirkland points to the title of the ERISA Plan which defendants contend govern his severance benefits. These minor discrepancies, even combined, amount to no more than a scintilla of evidence supporting the claim that U.S. Bancorp was Kirkland's employer. Instead, it is plain that, from the time Kirkland applied to U.S. Bank through his termination, he held himself out as a U.S. Bank employee and was paid and treated as a U.S. Bank employee by U.S. Bank. Kirkland's references to the return address on a single envelope, or to language on a single, irrelevant form, or even to the title of the ERISA Plan,

8

are unavailing. For these reasons, the Court finds that U.S. Bank was Kirkland's employer.[5]

Given this conclusion, there is no employment related claim (whether sounding in contract or quasi contract) which Kirkland can assert against U.S. Bancorp.[7] Similarly, because Kirkland did not rely on any representations about his right to severance in accepting employment *with U.S. Bancorp*, his fraud and misrepresentation claims against that entity must fail as well.

### C. If U.S. Bancorp Were Kirkland's Employer, His Claims Would Still Fail.

Alternatively, even if Mr. Kirkland's mistaken assertion that he was employed by U.S. Bancorp was reasonable, the Court observes that Kirkland's entire complaint is founded on the premise that the severance email described above constituted a contract or promise between himself and U.S. Bancorp, or was a representation (alternatively negligent or fraudulent) made on behalf of U.S. Bancorp. Each of Kirkland's causes of action, therefore, assumes a communication, representation, meeting of the minds, or duty that would have required the email communication to come from U.S. Bancorp or an agent thereof. See Glidden Co. v. Lumbermens Mut. Cas. Co., 861

---

[5] It is undisputed that the ERISA Plan was a comprehensive plan which covers the employees of forty separate subsidiaries of U.S. Bancorp. It is not unusual for affiliated companies to be governed by a single comprehensive plan. Nothing about that fact makes the employees of those entities employees of any of the others, however, and nothing about that fact compels this Court to disregard the independent corporate structures of those separate entities. Indeed, Kirkland offers no legal authority for the proposition that it does.

[6] The Court is bewildered by plaintiff's insistence that U.S. Bancorp is the proper party defendant in this case. Given the materials before it, it is difficult to understand how plaintiff could have derived any advantage from excluding U.S. Bank from this dispute, other than possibly to avoid the need to resort to state court, a venue perfectly capable of considering his state law claims, if such claims are, indeed not governed by ERISA as he insist.

[7] While Kirkland claims the identity of his employer is irrelevant because his severance contract was with U.S. Bancorp – whether or not that entity was also his employer – as discussed below, there is no evidence of that fact in the record. Indeed, all the evidence regarding his severance discussions makes it clear that those discussions were with U.S. Bank, and only U.S. Bank. *See f.n. 9, and related text.*

N.E.2d 109, 117 (Ohio 2006) (internal citations omitted) ("parent and subsidiary corporations are separate and distinct legal entities even if the parent owns all the outstanding shares of the subsidiary."); see also Hale v. Volunteers of America, 816 N.E. 2d 259, 270 (Ohio App. 2004) (affirming summary judgment for defendant on plaintiff's promissory estoppel claim, finding that, though an agency relationship is typically a question of fact, summary judgment is appropriate where a plaintiff: "has put forth no evidence to indicate that [the promisor's] statements constituted a clear and [un]ambiguous promise on behalf of the [defendant].). It is undisputed, however, that the author of the email, Ms. Anderson, was an employee of U.S. Bank, and not U.S. Bancorp when the email was sent, and was so at all relevant times both before and after the email.

Here, there is no indication that Ms. Anderson had the authority to bind or make representations on behalf of *U.S. Bancorp* or held herself out as an agent of *U.S. Bancorp*. Indeed, Kirtland has never alleged, argued, or offered any support for the contention that Ms. Anderson was acting as an agent for U.S. Bancorp. Nor has Kirtland argued for, or supported, the proposition that U.S. Bancorp is, or should be, generally liable for injuries caused, or representations made, by U.S. Bank or its employees by virtue of a parent-subsidiary relationship. Glidden, 861 N.E.2d at 117 ("Absent specific authorization, a parent corporation may not bind a subsidiary."). More specifically, Kirkland has not asserted a cause of action premised on the theory that this Court may, or should, "pierce the corporate veil" between these concededly separate corporate entities and has not asserted a factual predicate (e.g., undercapitalization, disregard of corporate formalities, use of a subsidiary or parent for an improper purpose, etc.) which might support such a claim.[8] Accordingly, even if Kirkland were employed by U.S. Bancorp, and even assuming the email

---

[8] While the caption of the complaint lists U.S. Bank as a "DBA" of U.S. Bancorp, it is undisputed that it is not a DBA; it is a wholly-owned, separately incorporated subsidiary.

10

constituted a promise, representation, or agreement, that agreement was made, negotiated, or offered on behalf of U.S. Bank.[9] Because U.S. Bank is not a party to this matter, Kirkland can not sustain a claim against any named defendant, and this action must be dismissed on that ground as well.[10]

### III. CONCLUSION.

For the foregoing reasons, Plaintiff's *Motion for Summary Judgment* (Doc. 35) is **DENIED.** Defendant's Motion for Summary Judgment (Doc. 27) is **GRANTED** in part, to the extent explained above. This case is **DISMISSED**.

**IT IS SO ORDERED.**

                                                       s/Kathleen M. O'Malley
                                                       **KATHLEEN McDONALD O'MALLEY**
                                                       **UNITED STATES DISTRICT JUDGE**

**Dated: September 15, 2008**

S:\07cv0084msj-dismiss.wpd

---

[9] Stated differently, because the alleged "promise" was extended on behalf of U.S. Bank, either Kirkland accepted and was an employee of U.S. Bank, in which case he has sued the wrong entity, or Kirkland declined the offer and accepted employment with U.S. Bancorp, in which case he did not accept the terms of the offer or rely on any of the email's representations in the first instance.

[10] Kirkland argues that, because U.S. Bancorp has entered into separate stand-alone severance contracts with other executives of its subsidiaries in the past, this Court should find his agreement to be one with that entity (and not his employer) as well. The very exhibits he attaches to his briefs actually compel the opposite conclusion, however. They show that, where U.S. Bancorp entered into such contracts, it did so in detailed written agreements, identifying U.S. Bancorp as the contracting party, executed by individuals with the authority to speak on behalf of and bind U.S. Bancorp. Again, whether the e-mail is a binding promise or not, there is no question but that Ms. Anderson could and did only speak for U.S. Bank.

11